UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| KRISTIN HRUBY,<br><br>            Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A.<br><br>            Defendant. | Civil Action No. 3:20-cv-00362-JAG |

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Capital One Bank (USA), N.A., incorrectly named as Capital One, N.A. ("Capital One"), answers the Complaint filed by plaintiff Kristin Hruby ("Plaintiff") as follows. Except as expressly admitted or qualified below, Capital One denies each and every allegation in the Complaint.

**INTRODUCTION**

1.      Capital One admits only that Plaintiff alleges claims based on the Telephone Consumer Protection Act ("TCPA").  Capital One denies any remaining allegations set forth in paragraph 1.

**JURISDICTION AND VENUE**

2.      Paragraph 2 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 2.

3.      Paragraph 3 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Capital One denies the allegations in paragraph 3.

4. Capital One admits only that it is a national banking association with a principal place of business located in Virginia. Capital One denies the remaining allegations in paragraph 4.

5. Paragraph 5 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies any remaining allegations in paragraph 5.

6. Paragraph 6 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One admits only that it has a principal place of business in Virginia. Capital One denies any remaining allegations in paragraph 6.

## PARTIES

7. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. Capital One admits only that it is a national banking association with a principal place of business located in Virginia. Capital One denies the remaining allegations in paragraph 8.

9. Capital One denies the allegations in paragraph 9.

## FACTUAL ALLEGATIONS

10. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11. Capital One continues to research the truth of the allegations in paragraph 11 and therefore denies them.

12. Capital One admits only that it attempted to reach Plaintiff by telephone regarding Plaintiff's past-due credit card account. Capital One lacks information or knowledge sufficient

to form a belief as to the truth of the allegation that such telephone number corresponds to a cellular telephone owned or regularly used by Plaintiff. Capital One denies any remaining allegations set forth in paragraph 12.

13. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Paragraph 14 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 14. By way of further answer, Capital One denies it uses an automatic telephone dialing system ("ATDS"), as it is defined by the TCPA.

15. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Paragraph 18 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 18. By way of further answer, Capital One denies it uses an automatic telephone dialing system ("ATDS"), as it is defined by the TCPA.

19. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies them.

21. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. Capital One admits only that the telephone numbers listed in paragraph 23 are assigned to Capital One. Capital One denies the remaining allegations in paragraph 23.

24. Paragraph 24 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 24.

25. Paragraph 25 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 25.

26. Paragraph 26 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 26.

27. Admitted.

28. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. Capital One denies the allegations in paragraph 32.

33. Paragraph 33 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 33. By way of further answer, Capital One denies it uses a prerecorded or artificial voice message as it is defined by the TCPA.

34. Paragraph 34 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 34.

35. Paragraph 35 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 35.

36. Paragraph 36 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 36.

37. Paragraph 37 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations set forth in paragraph 37.

38. Paragraph 38 constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 38.

39. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40. Capital One lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

## COUNT I
**Violations of the TCPA, 47 U.S.C. § 227**

41. Capital One repeats and incorporates by reference its responses to the preceding paragraphs of the Complaint.

42. Paragraph 42, including subparagraphs a.-b., constitutes a legal conclusion to which no response is required. To the extent a response is required, Capital One denies the allegations in paragraph 42.

43. Capital One denies the allegations in paragraph 43. Capital One further denies that Plaintiff is entitled to the relief sought in the "WHEREFORE" paragraph following paragraph 43, including, without limitation, subparagraphs (A) through (D).

## DEMAND FOR JURY TRIAL

Capital One admits only that Plaintiff requests a jury trial.

## AFFIRMATIVE DEFENSES

Having answered the Complaint, Capital One asserts the following affirmative defenses. By asserting these defenses, Capital One does not assume the burden of proof where it otherwise rests with Plaintiff.

### First Affirmative Defense: Consent

1. The TCPA does not prohibit calls made using an automatic telephone dialing system or using an artificial or pre-recorded voice where the called party has given consent.

2. A creditor can establish consent by demonstrating that the called party provided the cellular telephone number directly to the creditor in connection with the particular debt.

3. To the extent Capital One received consent to place collection calls to Plaintiff's cellular telephone through customer agreements, written or verbal statements, or otherwise, Plaintiff's claims are barred.

### Second Affirmative Defense: Constitutionality of Statutory Damages

4. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

5. The TCPA provides for statutory damages of $500 to $1,500 for each violation of the law.

6. When directed at telephone calls, statutory damages under the TCPA could quickly rise to thousands of dollars of damages for alleged actions that caused little or no actual damage to Plaintiff.

7. Statutory damages would constitute an excessive fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense: Offset

8. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

9. Plaintiff may have accounts with Capital One for which he owes money.

10. Any amount sought to be recovered in this action is barred in whole or in part by any amounts that Plaintiff owes to Capital One.

### Fourth Affirmative Defense: Lack of Standing

11. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

12. To establish standing, Plaintiff must show a concrete and particularized invasion of a legally protected interest and that Plaintiff is in the zone of interests the TCPA is intended to protect.

13. To the extent Plaintiff has not paid money, lost title to goods or value, or suffered any other concrete or particularized harm, and is not in the zone of interests protected by the TCPA as the result of the conduct alleged, Plaintiff lacks standing.

### Fifth Affirmative Defense: Unintentional Violation

14. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

15. Capital One has implemented procedures to prevent violations of law.

16. If any violation of law occurred, which Capital One expressly denies, the violation was not intentional, reckless, or willful.

17. If any violation of law occurred, which Capital One expressly denies, such violation resulted from a *bona fide* error for which there can be no civil liability.

### Sixth Affirmative Defense: Failure to Mitigate

18. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

19. Plaintiff failed to mitigate damages, if any.

### Seventh Affirmative Defense: Plaintiff's Own Conduct

20. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

21. Plaintiff's own conduct, deeds, acts, words and omissions – not any conduct, deeds, acts, words or omissions of Capital One – caused Plaintiff's purported damages, if any.

### Eighth Affirmative Defense: No Proximate Cause

22. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

23. If Plaintiff sustained damages, which Capital One expressly denies, such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### Ninth Affirmative Defense: Unclean Hands

24. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

25. To the extent Plaintiff communicated with Capital One unlawfully, deceptively, or in bad faith, such conduct bars Plaintiff's recovery in this case.

### Tenth Affirmative Defense: No Costs or Attorney's Fees

26. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

27. The TCPA does not provide for costs or attorney's fees for a successful action and, therefore, Plaintiff is not entitled to these amounts.

### Eleventh Affirmative Defense: General Equities

28. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

29. Allowing Plaintiff to recover damages against Capital One would be inequitable because of Plaintiff's own misconduct.

### Reservation of Rights

30. Capital One incorporates by reference the foregoing allegations of its Affirmative Defenses.

31. Capital One presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Capital One

expressly reserves the right to allege and assert any additional and/or further defenses as may be appropriate as this action proceeds.

**Wherefore**, Capital One respectfully requests that the Court:

a. Dismiss all of Plaintiff's claims against Capital One with prejudice and on the merits;

b. Award Capital One all costs, disbursements, and reasonable attorneys' fees allowed by law; and

c. Grant Capital One any such further relief to which it may be entitled.

Dated: June 18, 2020

Respectfully submitted,

/s/ *John D. Sadler*
John D. Sadler, Esq. (VA Bar No. 80026)
BALLARD SPAHR LLP
1909 K Street, 12th Floor
Washington, DC 20006-1157
Telephone: (202) 661-7659
Facsimile: (202) 661-2299
sadlerj@ballardspahr.com

Counsel for Capital One Bank (USA), N.A.

## **CERTIFICATE OF SERVICE**

I certify that on June 18, 2020, a true copy of the foregoing **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF System and electronically served by the Court on all parties.

/s/ *John D. Sadler*
John D. Sadler, Esq.